UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NICHOLAS ALEXANDER, *As Executor of The Estate of Nicholas A. Alexander, Deceased*,

                    *Plaintiff*,

– against –

ANDREW M. CUOMO, MELISSA DEROSA, HOWARD A. ZUCKER, M.D., GREATER NEW YORK HOSPITAL ASSOCIATION, KENNETH E. RASKE, NORTHWELL HEALTH, INC., MICHAEL DOWLING, JOHN DOES 1-10,

                    *Defendants*.

**MEMORANDUM & ORDER**
24-cv-02179 (NCM) (ST)

---

**NATASHA C. MERLE**, United States District Judge:

    Plaintiff Nicholas Alexander brings this lawsuit as the executor of the estate of his deceased grandfather ("decedent"). Am. Compl. ("AC") ¶ 34, ECF No. 45. He sues former New York State government officials, a hospital trade group and its leader, a healthcare network and its leader, and several John Does. AC ¶¶ 35–43. The complaint alleges that defendants engaged in a conspiracy during the COVID-19 pandemic, culminating in the issuance of an improper emergency executive order (the "Order") that resulted in an increase of COVID-positive patients being admitted to nursing homes. AC ¶¶ 2, 9, 98. The Order, issued on March 25, 2020, directed that "[n]o resident shall be denied re-admission to a nursing home solely based on a confirmed or suspected diagnosis of COVID-19." AC ¶ 94.[1] Plaintiff further alleges that decedent had been a nursing home resident at the start of

---

[1] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

the pandemic and contracted a fatal case of COVID-19 on March 26, 2020, the day after the issuance of the Order. AC ¶ 48. All named defendants have moved to dismiss the complaint. For the reasons stated below, defendants' motions are **GRANTED**.

## BACKGROUND

Defendants in this action are Andrew M. Cuomo ("Cuomo"), a former governor of New York; Melissa DeRosa ("DeRosa"), defendant Cuomo's former chief of staff; Howard A. Zucker, M.D. ("Zucker"), a former Commissioner of the New York State Department of Health; the Greater New York Hospital Association ("GNYHA"), a trade association representing over 200 hospitals across New York; Kenneth E. Raske ("Raske"), the President and Chief Operating Officer of GNYHA; Northwell Health, Inc. ("Northwell"), a healthcare and hospital network that is New York State's largest healthcare provider; Michael Dowling ("Dowling"), the President and Chief Executive Officer of Northwell; and John Does 1–10. AC ¶¶ 35–43.

Plaintiff in this action, Nicholas Alexander, is the grandson of decedent, Nicholas A. Alexander. AC ¶¶ 33–34. Decedent was born in 1944. AC ¶ 33. On May 16, 2019, decedent was admitted to Grandell Rehabilitation and Nursing Center ("GRNC"), a nursing home located in Long Beach, New York. AC ¶ 46. At the time of his admission, decedent had not incurred COVID-19 and had no symptoms thereof. AC ¶ 47. Prior to contracting COVID-19, decedent had been "in declining health, suffering from high blood pressure and diabetes." AC ¶ 45.

On March 1, 2020, the first case of COVID-19 was confirmed in New York. AC ¶ 83. On March 24, 2020, Cuomo announced that the state had reached 25,000 cases and at least 210 deaths. AC ¶ 93. During the month of March, Cuomo met on several occasions

with leaders of hospitals and medical groups, including seven meetings with Raske and six meetings with Dowling. AC ¶ 85.

On March 25, 2020, Governor Cuomo issued an administrative directive—the Order—citing the "urgent need to expand hospital capacity." AC ¶ 94. The Order directed that "[n]o resident shall be denied re-admission to a nursing home solely based on a confirmed or suspected diagnosis of COVID-19." AC ¶ 94. The Order also prohibited nursing homes "from requiring a hospitalized resident who is determined medically stable to be tested for COVID-19 prior to admission or readmission." AC ¶ 94. An identical order was issued to the State's assisted living facilities on April 7, 2020. AC ¶ 94. Plaintiff alleges that due to the Order and its twin order for assisted living facilities, "over 9,000 COVID-19 positive patients were admitted to New York State nursing homes and assisted living facilities who otherwise would not have been, resulting in over 20,000 unnecessary COVID-19 deaths." AC ¶ 98.

On March 26, 2020, the day after the issuance of the Order, decedent began experiencing COVID-19 symptoms and was admitted to a hospital. AC ¶ 48. Decedent died three days later, on March 29, 2020, at the age of 75. AC ¶ 48. Decedent's death certificate lists his cause of death as "Cardiopulmonary failure due to COVID-19." AC ¶ 48.

On March 25, 2024, plaintiff brought the instant suit against defendants. *See* Compl. 90, ECF No. 1.[2] Plaintiff filed an amended complaint on November 1, 2024. *See* AC. The amended complaint raises five claims: (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); (2) RICO conspiracy, 18 U.S.C. § 1962(d); (3) violation of plaintiff's civil rights under 42 U.S.C § 1983; (4) common

---

[2]   Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

3

law fraud; and (5) common law civil conspiracy. AC ¶¶ 307–54. Each claim is brought against all defendants. AC ¶¶ 307–54.

In April 2025, all named defendants moved to dismiss. *See* DeRosa Motion to Dismiss ("MTD"), ECF No. 63-1; Cuomo MTD, ECF No. 62-1; GNYHA MTD, ECF No. 59-1; Northwell Health MTD, ECF No. 61. Plaintiff filed an opposition. Mem. of Law in Opp'n to Mots. to Dismiss ("Opp'n"), ECF No. 64. Named defendants filed replies. DeRosa Reply, ECF No. 65; Northwell Reply, ECF No. 66; GNYHA Reply, ECF No. 67; Cuomo Reply, ECF No. 68.

## LEGAL STANDARD

When deciding a motion to dismiss, a district court must "accept[] all factual claims in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403 (2d Cir. 2014). "The issue" on a motion to dismiss "is not whether a plaintiff will ultimately prevail" but instead whether a plaintiff is "entitled to offer evidence to support the claims." *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012). Accordingly, dismissal is only appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000). Notwithstanding the presumed truth of factual allegations, conclusory allegations and legal conclusions masquerading as factual conclusions are not sufficient to prevent a motion to dismiss. *Smith v. Loc. 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

# DISCUSSION

Defendants raise a number of arguments to support dismissal of the complaint, including qualified immunity, Cuomo MTD 19–24; DeRosa MTD 13–18; GNYHA MTD 26–27, failure to plausibly plead causation, Cuomo MTD 24–25; Northwell MTD 21–22; GNYHA MTD 18–20, expiration of the statute of limitations governing Section 1983 claims, Cuomo MTD 26; Northwell MTD 23; GNYHA MTD 20–21, and failure to plead elements of civil RICO, Cuomo MTD 26–31; DeRosa MTD 18–26; Northwell MTD 15–22; GNYHA MTD 29–32.

The Court concludes that plaintiff's complaint must be dismissed. Plaintiff's Section 1983 claim must be dismissed because the statute of limitations for such claims is three years, yet plaintiff sued approximately four years after decedent's death. Plaintiff's RICO claims must be dismissed because the RICO statute permits recovery only for harms to "business or property," but the complaint does not identify any business or property of plaintiff or decedent that has been harmed. With the Section 1983 and RICO claims dismissed, no federal law claims remain in the case, and the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. Accordingly, plaintiff's complaint must be dismissed. The Court discusses each claim below.

## I. The Section 1983 Claim is Time-Barred.

Plaintiff's third cause of action arises under 42 U.S.C. § 1983. AC ¶¶ 333–41. Section 1983 actions filed in New York are subject to a three-year statute of limitations. *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (first citing *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir.2002); and then citing N.Y. C.P.L.R. § 214 (McKinney 2013)). During 2020, the State of New York tolled the statute of limitations for such actions for 228 days in light of the COVID-19 pandemic. *See McDonald v. City of New York*, No. 20-cv-04614, 2022

5

WL 1469395, *3–4 (E.D.N.Y. May 10, 2022) ("Executive Order 202.8 [and] [s]ubsequent [e]xecutive [o]rders . . . tolled the statute of limitations . . . for a total of 228 days." (quoting *Ventilla v. Pac. Indem. Co.*, No. 20-cv-08462, 2021 WL 5234404, at *1 n.2 (S.D.N.Y. Nov. 10, 2021)). For Section 1983 claims arising out of an individual's death, the cause of action begins accruing at the time of death. *See Miehle-Kellogg v. Doe*, No. 19-cv-04943, 2023 WL 2632452, at *6 n.9 (E.D.N.Y. Mar. 24, 2023). Decedent's death occurred on March 29, 2020. AC ¶ 48. Plaintiff filed this lawsuit on March 25, 2024. *See* Compl. 90. The period between decedent's death and plaintiff's complaint totals three years and 362 days. Because this period exceeds the three years and 228 days that plaintiff had to file a Section 1983 claim, plaintiff's claim is barred by the statute of limitations.

Notably, even though the statute of limitations issue was raised by several defendants, *see* Cuomo MTD 26; Northwell MTD 23; GNYHA MTD 20–21, plaintiff makes no mention of this issue in his opposition brief and does not attempt to address or rebut defendants' argument, *see* Opp'n. The Court concludes that plaintiff's "failure to address this argument in opposition to the defendant[s'] motion[s] to dismiss amounts to a concession." *Cui v. Planet Green Holdings, Inc.*, No. 23-cv-05683, 2025 WL 2042431, at *5 (E.D.N.Y. July 21, 2025); *see also Francisco v. Abengoa, S.A.*, 559 F. Supp. 3d 286, 318 n.10 (S.D.N.Y. 2021).

Accordingly, plaintiff's Section 1983 claim is barred by the statute of limitations and must be dismissed.

## II. Civil RICO Excludes Personal Injuries.

Plaintiff's first and second causes of action are claims for civil RICO and civil RICO conspiracy under 18 U.S.C. §§ 1962(c) and (d). AC ¶¶ 307–32. Civil RICO is not a statute that creates liability for any and all types of injury—rather, a plaintiff must plausibly allege

6

an injury to "business or property" arising from violations of the RICO statute. 18 U.S.C. § 1964(c) ("Any person injured *in his business or property* by reason of a violation of section 1962 of this chapter may sue . . . ." (emphasis added)); *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 283 (2d Cir. 2006) ("[T]o bring suit under § 1964(c), a plaintiff must plead . . . an injury to the plaintiff's business or property."). Because the statutory text permits only suits for damages to business or property, "[p]ersonal damages, emotional damages, and physical damages"—without a resulting injury to business or property—"are insufficient." *Westchester Cnty. Indep. Party v. Astorino*, 137 F. Supp. 3d 586, 612 (S.D.N.Y. 2015). Here, plaintiff's complaint principally seeks redress for personal injuries, wrongful death, and loss of consortium. AC ¶ 320 ("The injuries caused by reason of the violations of 18 U.S.C. Section 1962(c) include but are not limited to personal injuries and the subsequent wrongful deaths of [p]laintiff's [d]ecedent as well as . . . the loss of guidance, affections and consortium sustained by [plaintiff] due to the loss of [his] loved one[]."). These are not sufficient injuries for civil RICO. The complaint also seeks redress for "the deprivation of [plaintiff's and decedent's] constitutional rights prior to [decedent's] death[]." AC ¶ 320. However, "the deprivation of constitutional rights is a personal injury that is not protected by RICO," absent a resulting injury to property or business. *Indep. Party*, 137 F. Supp. 3d at 612-13. Accordingly, the Court finds that none of these injuries is a permissible basis for a valid civil RICO claim.

Plaintiff's complaint contains a single, bald reference to injury "in . . . business and property," but this assertion is conclusory and unsupported by even a single specific factual allegation. AC ¶ 320. The complaint states that "[p]laintiff and his decedent were injured in their business and property by reason of the RICO Defendants' violations of 18 U.S.C. Section 1962(c)." AC ¶ 320. Following that sentence, the complaint merely lists the

7

personal injuries already discussed, such as wrongful death and loss of consortium. AC ¶ 320. Nowhere in the complaint does plaintiff mention a specific business or a piece of property of plaintiff's or decedent's that has been harmed by defendants' actions. *See* AC. Under *Iqbal*, the Court does not "accept as true a legal conclusion couched as a factual allegation." 556 U.S. at 678. Accordingly, the inclusion of the assertion that "[p]laintiff and his decedent were injured in their business and property"—without more—is not sufficient to survive a motion to dismiss.

Nothing in the Supreme Court's recent opinion in *Medical Marijuana, Inc. v. Horn* changes this analysis. 604 U.S. 593 (2025). In *Horn*, the Supreme Court held that "a plaintiff can seek damages for business or property loss regardless of whether the loss resulted from a personal injury," pursuant to Section 1964(c). *Id.* at 601. By this statement, however, the Court was not saying that personal injury can suffice for a RICO claim in lieu of an injury to business or property. *Id.* Rather, the Court held that if damage to business or property occurs *via* a personal injury, it is actionable as a civil RICO claim. *Id.* ("For example, if the owner of a gas station is beaten in a robbery, he cannot recover for his pain and suffering. But if his injuries force him to shut his doors, he can recover for the loss of his business."). Nothing in the Supreme Court's analysis changed the fundamental requirement that RICO "explicitly permit[s] recovery for harms to business and property [and] implicitly excludes recovery for harm to one's person." *Id.*

Finally, as with the Section 1983 statute of limitations issue, *see supra*, even though the "business or property" requirement was raised by each motion to dismiss, Cuomo MTD 27; DeRosa MTD 18–26; Northwell MTD 21–22; GNYHA MTD 32, plaintiff likewise makes no mention of this issue in his opposition brief, *see* Opp'n. The Court again

concludes that plaintiff's "failure to address this argument . . . amounts to a concession." *Cui*, 2025 WL 2042431, at *5.

Accordingly, plaintiff has failed to state a claim for civil RICO or civil RICO conspiracy under 18 U.S.C. § 1962(c) or (d), and these claims must be dismissed.

### III. The Court Has No Basis for Supplemental Jurisdiction.

With the RICO and Section 1983 claims dismissed, all remaining claims in the suit are based on state law. *See* AC ¶¶ 342–54. The Court declines to exercise supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367(c); *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Further, plaintiff has not pled diversity of citizenship, and the Court finds no basis for diversity jurisdiction. *See* 28 U.S.C. § 1332. The Court thus dismisses the state law claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are **GRANTED**. Plaintiff's complaint is **DISMISSED**. The Clerk of Court is respectfully directed to enter judgment and close the case.

**SO ORDERED.**

                                                                  /s/ Natasha C. Merle
                                                                  NATASHA C. MERLE
                                                                  United States District Judge

Dated:         January 16, 2026
                  Brooklyn, New York